(December 21, 1939.)

GOTHAM SILK HOSIERY COMPANY, INC., Plaintiff, *v.* REYNOLDS METALS COMPANY, INCORPORATED, Defendant, Respondent, and GRACELINE HANDBAGS, INC., Defendant, Appellant.

PER CURIAM. The cross-complaint against the codefendant Reynolds Metals Company, Incorporated, is legally sufficient and was properly interposed.

The order should be reversed, with twenty dollars costs and disbursements to the appellant against the defendant-respondent, and the motion to strike out the cross-complaint denied.

Order reversed, with twenty dollars costs and disbursements to the appellant against the defendant-respondent, and motion to strike out the cross-complaint denied.

Present — Martin, P. J., Glennon, Dore, Cohn and Callahan, JJ.; Dore and Callahan, JJ., dissent.

DORE, J. (dissenting). Plaintiff sues both defendants for alleged breaches of separate agreements which plaintiff had with each defendant. In substance the claimed breaches were that defective material was supplied by defendant Reynolds Metals Company, Incorporated, which made the handbags manufactured by defendant Graceline Handbags, Inc., unmerchantable, and that defendants failed and refused to repair and replace as required by the contracts. Defendant Graceline Handbags, Inc., interposed a cross-complaint against its codefendant Reynolds Metals Company, Incorporated, which substantially realleges the allegations of the plaintiff's complaint, alleges also the making of a separate agreement between the codefendants, and demands judgment over against Reynolds Metals Company, Incorporated, if plaintiff recovers judgment against Graceline Handbags, Inc. All three contracts are annexed to the cross-complaint.

Plaintiff did not join in the motion of defendant Reynolds Metal Company, Incorporated, to dismiss the cross-complaint as insufficient in law and improperly interposed in the action. The Special Term granted the motion to dismiss on the ground that it was unable to say on the papers that the issues for trial are the same. In our opinion the cross-complaint was properly interposed under section 264 of the Civil Practice Act as the issues raised therein arise out of substantially the same transactions as are alleged in plaintiff's complaint, and it was error to dismiss on that ground.

Examining, however, the cross-complaint with the contract thereto annexed between the two defendants, we think the cross-complaint as pleaded fails sufficiently to state a cause of action against the codefendant. It fails to allege facts sufficient to show performance on the part of Graceline Handbags, Inc., of the contract between Graceline and Reynolds or, in the alternative, pursuant to rule 92 of the Rules of Civil Practice, that Graceline Handbags, Inc., duly performed all the conditions of such contract on its part, or facts justifying a legal excuse for non-performance.

Accordingly, we dissent and vote to modify the order dismissing the cross-complaint to permit defendant Graceline Handbags, Inc., to replead within ten days after notice of entry of the order herein. As so modified, the order appealed from should be affirmed, without costs.

Callahan, J., concurs with Dore, J.